**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**AKAELA NESBITT,** individually and on behalf of all others similarly situated,

*Plaintiff*,

*v.*

**VOICE SEARCH LOCAL LLC**, a Florida registered company, and **INTERNET LISTING SOLUTIONS LLC**, a Florida registered company,

*Defendants.*

Case No.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff Akaela Nesbitt ("Plaintiff Nesbitt" or "Nesbitt") brings this Class Action Complaint and Demand for Jury Trial against Defendant Voice Search Local LLC ("Defendant Voice Search Local" or "Voice Search Local") and Defendant Internet Listing Solutions LLC ("Defendant Internet Listing Solutions" or "Internet Listing Solutions") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded telemarketing calls to consumers without consent. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Nesbitt, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Nesbitt is a resident of Smyrna, Georgia.

2. Defendant Voice Search Local is a company registered in Florida and headquartered in Port Saint Lucie, Florida. Defendant Voice Search Local conducts business throughout the US including in this District.

3. Defendant Internet Listing Solutions is a company registered in Florida and headquartered in Port Saint Lucie, Florida. Defendant Internet Listing Solutions conducts business throughout the US including in this District.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant are headquartered in this District and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff.

**INTRODUCTION**

6. As the Supreme Court explained at the end of its term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in April 2026 alone, at a rate of 140.2 million per day. www.robocallindex.com (last visited May 10, 2026).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

14. Voice Search Local is a digital marketing agency that provides search engine optimization ("SEO") services to businesses.[3]

15. Voice Search Local also works with businesses to increase their online visibility through voice search, an online search conducted by a consumer who uses their voice to perform a search for a product, service, or relevant item online.

16. Internet Listing Solutions is also a digital marketing agency that provides SEO services to businesses.[4]

17. Internet Listing Solutions is an authorized member of Voice Search Local, according to the Florida corporate registry for Voice Search Local:

**Authorized Person(s) Detail**

**Name & Address**

Title Authorized Member

INTERNET LISTING SOLUTIONS LLC
1701 SE TIFFANY AVE
SUITE 105
PORT SAINT LUCIE, FL 34952 [5]

18. The addresses for Voice Search Local and Internet Listing Solutions are identical, even sharing the same suite number, as per the screenshot above and this screenshot from the Better Business Bureau:

---

[3] https://vsslocal.com/
[4] https://www.mapquest.com/us/florida/internet-listing-solutions-430620538
[5] https://tinyurl.com/patkhz5y

**Voice Search Local, LLC**
1701 SE Tiffany Ave STE 105
Port Saint Lucie, FL 34952-7576 [6]

19. Voice Search Local and Internet Listing Solutions use their names interchangeably, among others:

**Caspero444** · 1y ago

They are an LLC registered in Florida also under Internet Listing solutions [7]

**Initial Complaint** **Type:** Service or
**Date:** 12/17/2025 **Status:** Unansw

Recently I answered a call and it was Voice Search local LLC that said they could help get my business to come up on [illegible] voice command and other voice command platforms. I paid them $125 for them to get my business to come up with a voice command. They try to pressure us to pay $199. We have waited five days and nothing has changed when we search for our business name. We looked up the company and found out that the business under Voice Search local LLC is a scam. By reading other comments we discover that they also work under the company name Internet Listing Solutions LLC . This company is a scam and needs to be shut down they have work under many other business names. [8]

---

[6] https://www.bbb.org/us/fl/port-saint-lucie/profile/seo-services/voice-search-local-llc-0633-90587272

[7] https://www.reddit.com/r/ScamNumbers/comments/15gfuei/voice_search_scam_calling_businesses/

[8] https://www.bbb.org/us/fl/port-saint-lucie/profile/seo-services/voice-search-local-llc-0633-90587272/complaints?page=2

> **Hutton Advertising**
> 9mo • Edited •
>
> In recent weeks we've received multiple robocalls from a company identifying itself as "Voice Search" or "Voice Search Local." They claim to be based in West Palm Beach, FL, but the calls come from spoofed local numbers—making it appear as though they're calling from nearby.
>
> Numbers we've tracked so far include (615 is local to us and the owner probably did not give permission to have their number used):
>
> 615-678-0531
> 615-785-2241
> 615-379-0909
>
> The calls begin with a recorded message. Pressing 0 connects you to a live person. Asking questions or requesting to be removed from the list is met with hostility—or even taunts about scheduling more calls.
>
> We attempted to track the source and called (772) 807-1045, where the person claimed to be a different company based in Port St. Lucie. However, the Better Business Bureau lists that number as associated with "Voice Search Local LLC." [9]

20. Voice Search Local and Internet Listing Solutions generate business by placing pre-recorded calls to businesses, including pre-recorded calls to cell phone numbers, as per Plaintiff's experience.

21. According to prnewswire.com, the Defendants are placing "tens of millions" of calls per month:

> The other campaign of interest appears to be calling numerous small businesses and threatening that they will lose their search presence in Google. There are multiple variants of this campaign, but a typical one is in calls from **this number**:
>
> > Hello. Please do not hang up the phone. This is an important message regarding your Google business account. Searches for your business on Google and Google Voice are currently having trouble finding you. Press one to speak with an agent immediately and verify your Google listing. Again, your business is not showing correctly on Google and Google Voice. Press one to speak to an agent, or press two or dial 877-556-9255 to opt out.
>
> The overall volume for this Google call is also in the tens of millions of calls per month, calling from thousands of different numbers. They appear to be calling people who claim they never consented to these calls, and they leave a misimpression that Google is calling. These calls prey on small businesses' dependency on traffic from Google. [10]

[9] https://www.linkedin.com/company/hutton-advertising/posts/?feedView=all
[10] https://www.prnewswire.com/news-releases/us-consumers-received-just-under-4-billion-robocalls-in-february-according-to-youmail-robocall-index-302082355.html

22. The screenshot shown above references a voicemail including the phone number 877-556-9255. This is the same phone number Plaintiff was instructed to call to opt out from future calls, as will be detailed in the Plaintiff's Allegations.

23. In addition to placing unsolicited pre-recorded calls, the Defendants continue to place calls despite requests for the calls to stop.

24. Consumers and businesses have posted many complaints online about unsolicited pre-recorded calls that they received from the Defendants, including:



[11]

[11] https://www.facebook.com/randy.franklin2/posts/every-one-of-these-are-junk-calls-with-the-same-voicemail-message-if-you-wish-to/10162949565915792/

**Initial Complaint** — **Type:** Service or

**Date:** 12/31/2025 — **Status:** Unansw

This company is calling my business telephone number every 2 hours using an automated voice message coming in under all different phone numbers. I asked to be removed from their call lists as I am not interested in their overpriced likely a scam web advanced search services and they said they would continue to call. The call [redacted] are rude and obnoxious and their continuous calling is interfering with my business. I just want them to stop calling me. So far I have blocked 6 different numbers but they continue to call using a new number each time that looks like a local number. [12]

**Initial Complaint** — **Type:** Customer

**Date:** 01/07/2026 — **Status:** Unansv

Harassing my business to get listed. I have told them multiple times to add me to the [redacted] list, but they refuse. Then they started calling and saying vulgar, nasty things, making fun of me. [13]

**Initial Complaint** — **Type:**

**Date:** 01/17/2026 — **Status:**

So I received a phone call and the guy stated they were [redacted] on January [redacted] get my listing verified which was a lie because later on I contacted [redacted] they said that we are not them . They continue to spam call my phone from multiple numbers that are local.I have emailed them multiple times with no response [14]

**Initial Complaint** — **Type:** Customer

**Date:** 02/10/2026 — **Status:** Unansv

My business has received in excess of five calls a day Monday through Friday for the last year starting in May, 2025. These calls come from 'spoof' numbers all stating the caller works for Voice Search Now (Voice Search Local.) Despite being on the federal Do Not Call list, requesting that each caller add me to the Do Not Call list, and blocking each incoming number the calls persist. [15]

---

[12] https://www.bbb.org/us/fl/port-saint-lucie/profile/seo-services/voice-search-local-llc-0633-90587272/complaints

[13] Id.

[14] Id.

[15] Id.

**Initial Complaint** **Type:** Service

**Date:** 03/16/2026 **Status:** Unans

Voice search local calls our Business Sunrise Mechanical Contractors daily sometimes, multiple times a day. They have been calling consistently for months now. I have requested to be removed, i have been hung up on, I have been threatened that the tactics will not stop. Specifically today 03/16/2026. The harassment will not stop.[16]

25. In response to these calls, Plaintiff Nesbitt brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

**PLAINTIFF NESBITT'S ALLEGATIONS**

26. Plaintiff Nesbitt is the sole owner and user of her cell phone number ending in 2387.

27. Throughout March of 2026, Plaintiff Nesbitt received multiple unsolicited calls to her cell phone advertising voice search SEO services.

28. If a call was answered, or if a call resulted in a voicemail, an identical pre-recorded message was placed, or was left, stating:

> "Hello, this is Business Listings Verifications with an urgent message. We are calling you because your business is not verified on Google Voice search. Customers cannot find your business. Press '0' to verify your business. Press '9' if you wish to have your business not displayed on Google Voice searches, or call 877-556-9255."

29. Plaintiff Nesbitt received the following unsolicited pre-recorded voicemails:

- March 4, 2026 from 470-207-2798, 470-200-5603, 470-208-1790, 470-201-6489, 270-208-2897, 270-208-7093
- March 5, 2026 from 470-210-0635, 470-206-1244, 470-215-8763, 470-204-1738, 470-202-7873
- March 6, 2026 from 470-210-3574, 470-207-2436, 470-210-5080, 470-852-6485, 470-205-4795, 470-204-2697, 470-206-1252, and 470-200-5932
- March 9, 2026 from 470-203-1726
- March 10, 2026 from 470-203-1726, 470-207-3288, 470-202-0699, 470-205-4050
- March 11, 2026 from 470-205-4050, 470-202-0699, 470-204-0227, and 470-207-3288

[16] Id.

- March 12, 2026 from 470-204-0227, 470-202-7819, 470-208-6997, 470-201-2161, and 470-203-8390
- March 13, 2026 from 470-201-5392, 470-210-1170, 470-202-6691, 470-202-8270, and 470-212-3388
- March 16, 2026 from 470-206-3384, 470-205-9198, 470-201-3358
- March 17, 2026 from 470-205-9171 and 470-215-8953
- March 24, 2026 from 470-207-3738
- March 27, 2026 from 470-201-6667

30. Plaintiff could tell that the calls and voicemails were pre-recorded because the voice sounds robotic, the message is always identical – including the same voice, pauses, intonation and script.

31. In addition, the calls and voicemails instruct Plaintiff to press ‘0’ to speak to a live agent, or press ‘9’ to opt-out, which a live agent would not say.

32. Plaintiff dialed 877-556-9255 on March 18, 19, 24, and 25, which is the phone number indicated in the calls, but the number is not in service.

33. Two calls are particularly significant and are described in detail below, as they demonstrate the Defendants' refusal to honor stop requests.

34. On March 10, 2026, Plaintiff Nesbitt received a call to her cell phone from 470-207-1691.

35. When Plaintiff Nesbitt answered this call, a pre-recorded message was played, stating:

> “Hello, this is Business Listings Verifications with an urgent message. We are calling you because your business is not verified on Google Voice search. Customers cannot find your business. Press ‘0’ to verify your business. Press ‘9’ if you wish to have your business not displayed on Google Voice searches, or call 877-556-9255.”

36. Plaintiff Nesbitt pressed ‘0’ and was connected to an employee who identified herself as Lori with Voice Search.

37. Plaintiff Nesbitt said, “Please stop calling my phone.”

38. Before Plaintiff could continue speaking, Lori disconnected the call.

39. Notwithstanding Plaintiff Nesbitt's explicit stop request, Plaintiff continued to receive multiple unsolicited pre-recorded calls from the Defendants throughout March 2026.

40. On March 16, 2026, Plaintiff Nesbitt received another unsolicited pre-recorded call to her cell phone, this time from 470-202-9837.

41. Plaintiff Nesbitt heard the same pre-recorded message that is described above, and pressed ‘0’ to speak to a live agent.

42. A live agent came on the line and indicated the company name Voice Search.

43. Plaintiff Nesbitt spoke to the employee about the SEO services that were being offered and asked the employee to confirm which name would come up on the receipt if she was to purchase SEO services.

44. The employee said that either “VSL” or “Voice Search Local” would show up on the receipt.

45. Plaintiff Nesbitt then ended the call.

46. The unauthorized solicitation calls that Plaintiff received from the Defendants have harmed Plaintiff Nesbitt in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

47. The voicemails also took up space on Plaintiff’s cell phone, and Plaintiff felt harassed by the calls she received from the Defendants after instructing the Defendants to stop calling.

48. Seeking redress for these injuries, Plaintiff Nesbitt, on behalf of herself and a Class of similarly situated individuals, brings this suit under the TCPA.

## CLASS ALLEGATIONS

49. Plaintiff Nesbitt brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded/Artificial Voice No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendants called on their cellular telephone number (2) using an artificial or pre-recorded voice.

50. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Nesbitt anticipates the need to amend the Class definitions following appropriate discovery.

51. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

52. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendants' conduct violated the TCPA;

(b) Whether the Defendants placed pre-recorded/artificial voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(c) Whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

53. **Adequate Representation**: Plaintiff Nesbitt will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Nesbitt has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff Nesbitt and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Nesbitt nor her counsel have any interest adverse to the Class.

54. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Nesbitt. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective

relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Nesbitt and the Pre-Recorded/Artificial Voice No Consent Class)**

55. Plaintiff Nesbitt repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

56. The Defendants transmitted unwanted telephone calls to Plaintiff Nesbitt and the other members of the Pre-recorded/Artificial Voice No Consent Class using a pre-recorded voice message.

57. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded/Artificial Voice No Consent Class.

58. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Pre-recorded/Artificial Voice No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

**e)** Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Nesbitt requests a jury trial.

**AKAELA NESBITT**, individually and on behalf of all others similarly situated,

DATED this 28th day of May, 2026.

Respectfully submitted,

By: /s/ *Stefan Coleman*

Stefan Coleman (Fla. Bar No. 30188)
COLEMAN PLLC
18117 Biscayne Blvd
Suite 4152
Miami, FL 33160
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman (Fla. Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*